FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 3 1 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-16-01065-PHX-DLR(BSB) |
|---|---|
| Plaintiff, | |
| vs. | **INDICTMENT** |
| | VIO: 18 U.S.C. § 1030(a)(5)(A), (c)(4)(B) (Intentional Damage to Protected Computer) Counts 1-3 |
| Randall Charles Tucker, aka "Bitcoin Baron," | |
| Defendant. | 18 U.S.C. § 1030(a)(7)(A), (c)(3)(A) (Threatening Damage to Protected Computer) Count 4 |
| | 18 U.S.C. §§ 982(a)(2)(B), 1030(i) (Criminal Forfeiture) |

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

1. RANDALL CHARLES TUCKER, who was also known by his online moniker "Bitcoin Baron," lived in Apache Junction, Arizona.

2. A "distributed denial of service" attack, or "DDoS" attack, is a malicious attack wherein the perpetrator bombards the targeted server with network traffic, flooding its bandwidth and causing it to slow down or crash altogether, and thereby denying service to some or all legitimate users of the server.

3. Between March 9, 2015, and March 19, 2015, TUCKER engaged in a series of DDoS attacks against government websites that threatened public health and safety and caused an aggregate loss of more than $5,000.

*DDoS Attack of City of Madison, Wisconsin*

4. The City of Madison, Wisconsin, located within Dane County, owned and operated computer servers that hosted the City and County's information technology infrastructure, to include the City of Madison's website (www.cityofmadison.com), city intranet and email, and critical police and emergency response communication systems.

5. On or about and between March 9, 2015, and March 14, 2015, TUCKER executed multiple DDoS attacks against the City of Madison's computer servers. The DDoS traffic passed through the firewall router, causing it to become overloaded and fail to function. TUCKER's DDoS attacks, in addition to disabling access to the City of Madison's website, caused the Internet-connected communications systems used by the City of Madison's emergency responders to become inaccessible or degraded. For example, the system used to automatically dispatch the closest unit to a medical, fire, or other emergency was crippled. Additionally, emergency responders experienced connectivity issues in connecting to the 911 center.

*DDoS Attack of City of Chandler, Arizona*

6. The City of Chandler, Arizona, operated the website www.chandleraz.gov.

7. On or about March 12, 2015, TUCKER executed a DDoS attack against the City of Chandler's website. As a result of the attack, the website was inaccessible by legitimate users for a period of approximately one and a half hours.

*DDoS Attack of City of Mesa, Arizona*

8. The City of Mesa, Arizona, operated the website www.mesaaz.gov. Among other things, the City of Mesa's website offered visitors the ability to pay utility bills and court fines online.

9. On or about March 19, 2015, TUCKER executed a DDoS attack against the City of Mesa's website. As a result of the attack, the website was inaccessible by legitimate

users for a period of approximately six hours.

*Extortion of News2Share*

10. News2Share is an online media outlet based in Washington, D.C., which operates the website news2share.com.

11. On or about October 8, 2014, TUCKER sent an email to News2Share demanding that the site report on a video he provided related to a DDoS attack on the Arizona Department of Economic Security. Later that day, TUCKER emailed again, threatening to "shut down" the website unless News2Share reported on the video he had previously provided.

12. When News2Share failed to report on the video, TUCKER executed a DDoS attack, which resulted in the news2share.com website being temporarily inaccessible to legitimate users.

13. On or about December 25, 2014, TUCKER sent another email to News2Share, again threatening to shut down the website unless News2Share uploaded another video he had provided.

## COUNT ONE
### Intentional Damage to Protected Computer
### (18 U.S.C. § 1030(a)(5)(A) & (c)(4)(B))

14. The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth here.

15. Beginning on or about March 9, 2015, and continuing through on or about March 15, 2015, within the District of Arizona and elsewhere, the defendant, RANDALL CHARLES TUCKER, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer belonging to the City of Madison, Wisconsin, which caused a threat to public health and safety, and which caused a loss to persons during a one-year period resulting from the defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, in violation of 18 U.S.C. § 1030(a)(5)(A)

and (c)(4)(B).

## COUNT TWO
### Intentional Damage to Protected Computer
### (18 U.S.C. § 1030(a)(5)(A) & (c)(4)(B))

16. The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth here.

17. On or about March 12, 2015, within the District of Arizona and elsewhere, the defendant, RANDALL CHARLES TUCKER, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer belonging to the City of Chandler, Arizona, which caused a loss to persons during a one-year period resulting from the defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B).

## COUNT THREE
### Intentional Damage to Protected Computer
### (18 U.S.C. § 1030(a)(5)(A) & (c)(4)(B))

18. The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth here.

19. On or about March 19, 2015, within the District of Arizona and elsewhere, the defendant, RANDALL CHARLES TUCKER, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer belonging to the City of Mesa, Arizona, which caused a loss to persons during a one-year period resulting from the defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B).

## COUNT FOUR
### Threatening to Damage Protected Computer
### (18 U.S.C. § 1030(a)(7)(A) & (c)(3)(A))

20. The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth here.

21. On or about December 25, 2014, within the District of Arizona and elsewhere, the defendant, RANDALL CHARLES TUCKER, with intent to extort from a person a thing of value, did transmit in interstate and foreign commerce a communication containing a threat to cause damage to a protected computer, that is, TUCKER sent an email message instructing News2Share to upload a video provided by TUCKER and threatened to impair the availability of the News2Share website unless the video was posted as instructed, in violation of 18 U.S.C. 1030(a)(7)(A) and (c)(3)(A).

**Forfeiture Allegation**
**(18 U.S.C. §§ 982(a)(2)(B) & 1030(i))**

22. The factual allegations in paragraphs 1 through 21 are re-alleged and incorporated as if fully set forth here for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i).

23. Upon conviction of the offenses in violation of 18 U.S.C. § 1030 set forth in Counts One through Four of this Indictment, the defendant, RANDALL CHARLES TUCKER, shall forfeit to the United States of America the following:

(a) Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and

(b) Pursuant to 18 U.S.C. § 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such offense, including one Samsung solid state memory drive and one ASUS computer, both seized by law enforcement on April 9, 2015.

24. Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b) and 1030(i), the defendant, RANDALL CHARLES TUCKER, shall forfeit substitute property, up to the value of the forfeitable property, or any portion thereof, if by any act or omission of the defendant the forfeitable property:

(a) cannot be located upon the exercise of due diligence;

|   |     |                                                                              |
|---|-----|------------------------------------------------------------------------------|
| 1 | (b) | has been transferred or sold to or deposited with, a third person;           |
| 2 | (c) | has been placed beyond the jurisdiction of the Court;                        |
| 3 | (d) | has been substantially diminished in value; or                               |
| 4 | (e) | has been commingled with other property which cannot be subdivided without difficulty. |

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: August 31, 2016

JOHN S. LEONARDO
United States Attorney
District of Arizona


      /S/
JAMES R. KNAPP
Assistant U.S. Attorney


      /S/
LAURA-KATE BERNSTEIN
Trial Attorney
Computer Crime and Intellectual Property Section
United States Department of Justice